```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
             Civil No. 08-4846(DSD/JJK)
```

Richard Rahlf, Frank Stelter
and Scott Johnson,

    Plaintiffs,

v.             **ORDER**

Mo-Tech Corporation, Inc.,

    Defendant.


  This matter is before the court upon plaintiffs' motion for review of the District of Minnesota Clerk of Court's Cost Judgment. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court denies plaintiffs' motion.

  Plaintiffs Richard Rahlf, Frank Stelter and Scott Johnson (collectively, "Plaintiffs") commenced this age discrimination action against defendant Mo-Tech Corporation, Inc. ("Mo-Tech") on August 6, 2008. On December 15, 2009, the court granted Mo-Tech's motion for summary judgment. (Doc. No. 57.) Thereafter, Mo-Tech filed a Bill of Costs with the Clerk of Court, seeking $4,029.50. (Andersson-Stern Aff. Ex. A at 1.) Plaintiffs objected to the Bill of Costs on January 19, 2010, arguing that the amount should be $2,973.55. (Id. Ex. B.) On February 8, 2010, the Clerk of Court filed a Cost Judgment against Plaintiffs in the amount of $3,827.50. (Id. Ex. D.) Plaintiffs timely filed for review of the Clerk of Court's decision.

The court has "substantial discretion" in awarding costs to a prevailing party pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (citation and quotation omitted). Pursuant to Rule 54(d)(1), unless a federal statute, rules or court order provides otherwise, "costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In addition to other costs, the Clerk of Court may tax "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiffs have the burden to show that the Cost Judgment "is inequitable under the circumstances." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation and citation omitted).

In this case, Plaintiffs argue that the Cost Judgment should not include $853.95 for the deposition transcripts of Karen Gorski ("Gorski"), Therese Stoebner ("Stoebner") and David Jones ("Jones") because Mo-Tech did not cite their testimony in its summary judgment memorandum. The court may award costs for a deposition that was "necessarily obtained for use in [a] case and was not purely investigative." Zotos, 121 F.3d at 363 (quotations and citation omitted) (alteration in the original). The court's

inquiry focuses on "whether the depositions reasonably seemed necessary at the time they were taken." Id. (quotation and citation omitted).

Mo-Tech contends that it obtained the transcripts of Gorski and Stoebner's depositions because they were deposed at Plaintiffs' behest. Mo-Tech also argues that Jones' deposition was necessary because he was Plaintiffs' expert witness. The court determines that the deposition transcripts of all three witnesses were necessary for Mo-Tech's defense of this case, and Plaintiffs have not shown that the taxed costs are inequitable. Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' motion for review of the District of Minnesota Clerk of Court's Cost Judgment [Doc. No. 71] is denied.

Dated: April 9, 2010

s/David S. Doty
David S. Doty, Judge
United States District Court